FILED
09/06/2023
*Sandy Erhardt*
CLERK
Gallatin County District Court
STATE OF MONTANA
By: Don Adams
DV-16-2023-0000840-DK
Brown, John C.
1.00

Matthew A. Haus
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College
Bozeman, MT 59715-4913
Telephone: (406) 586-9714
mhaus@lawmt.com
*Attorney for Plaintiff*

**MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT**
**GALLATIN COUNTY**

| | |
|---|---|
| SANDI S. COOPER,<br><br>　　Plaintiff,<br><br>　　v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　Defendant. | Cause No. DV-16-2023-0000840-DK<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Sandi Cooper (referred to in this Complaint as "Ms. Cooper"), states as follows for her Complaint against State Farm Mutual Automobile Insurance Company (referred to in this Complaint as "State Farm"):

**PARTIES**

1. Plaintiff, Ms. Cooper, is a resident of Gallatin County, Montana.

2. State Farm is a corporation incorporated under the laws of Illinois. State Farm is an insurance company which regularly conducts business in Montana.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to § 3-5-302, Mont. Code Ann.

4. This Court has personal jurisdiction over the parties in this action pursuant to Rule 4, Mont. R. Civ. P.

5. Venue is proper in the Montana Eighteenth Judicial District Court, Gallatin County, pursuant to Title 25, Chapter 2 of the Montana Code Annotated.

## GENERAL ALLEGATIONS

6. Ms. Cooper reasserts the allegations set forth in the previous paragraphs.

7. On April 2, 2019, Ms. Cooper was riding her bicycle home from work. The route that Ms. Cooper followed when riding her bicycle home from work required her to travel northbound on Virginia Way in Bozeman, Montana.

8. On April 2, 2019, Jessica Inabnit was driving her 2004 Dodge Durango southbound on Virginia Way towards Ms. Cooper.

9. On April 2, 2019, Jessica Inabnit crossed from the right-hand lane to the left-hand lane into the direction of oncoming traffic and into Ms. Cooper's lane of travel.

10. While driving on the wrong side of the road, Jessica Inabnit struck Ms. Cooper with her motor vehicle on April 2, 2019 (the "Collision"). At the time of the Collision, Ms. Cooper was riding her bicycle and she was hit by Jessica Inabnit's large 2004 Dodge Durango.

11. The Collision occurred on Virginia Way in Bozeman, Montana in the area near Jessica Inabnit's home located at 200 Virginia Way, Bozeman, Montana 59718.

12. As a result of the impact from Collision, Ms. Cooper struck the pavement after been thrown from her bicycle. The Collision caused extensive and ongoing injuries.

13. Ms. Cooper sustained damage to her property and significant injuries as a result of the Collision.

14. As a result of the injuries caused by the Collision, Ms. Cooper has been receiving medical care since the accident on April 2, 2019.

15. State Farm issued an insurance policy to Jessica Inabnit (referred to as the "Inabnit Policy").

16. Ms. Cooper submitted a claim to State Farm as the insurer of Jessica Inabnit.

17. State Farm has had knowledge of the claim submitted by Ms. Cooper since April of 2019.

18. On May 3, 2019, State Farm interviewed Jessica Inabnit about the Collision. During the May 3, 2019 interview of Jessica Inabnit, State Farm obtained the following admissions:

- Jessica Inabnit admitted that she illegally crossed from her right-hand lane of Virginia Way to travel southbound in the left-hand lane of Virginia Way. Stated differently, Jessica Inabnit admitted to State Farm that she drove on the wrong side of the road;

- Jessica Inabnit admitted that she was attempting to stop or park in an illegal manner in which the driver's side of the Dodge Durango was located closest to the curb;

- Jessica Inabnit admitted that she did not see Ms. Cooper before the Collision; and

- Jessica Inabnit admitted that she was looking down at the time of the Collision.

19. Jessica Inabnit later testified on September 29, 2020 that the first time that she saw Ms. Cooper was after the Collision when Ms. Inabnit looked behind her vehicle to see Ms. Cooper injured on the ground.

20. The actions of Jessica Inabnit leading up to the Collision violated numerous Montana statutes and City of Bozeman ordinances. Generally, those statutes and ordinances require a driver to travel on the right-hand side of a road and to park a motor vehicle with the passenger-side of the motor vehicle closest to the curb or edge of the road.

21. On June 7, 2019, State Farm received a request from Ms. Cooper to pay her for the medical expenses that she incurred as a result of the Collision. The June 7, 2019 request for reimbursement of medical expenses made to State Farm outlined the facts of the Collision, including Jessica Inabnit's failure to obey Montana law as she drove into the wrong lane of Virginia Way before colliding with Ms. Cooper and her bicycle.

22. On July 12, 2019, State Farm sent a faxed letter stating that State Farm would not pay Ms. Cooper for her medical expenses because liability was not reasonably clear.

23. On July 30, 2019, Ms. Cooper was interviewed by a representative of State Farm. During her interview, Ms. Cooper explained that she was hit by Ms. Inabnit's motor vehicle after it was driven down the wrong side of the road.

24. State Farm refused to reimburse Ms. Cooper for her medical payments, bodily injury, or property damage forcing Ms. Cooper to file a complaint against Jessica

Inabnit. State Farm did not explain why it was ignoring the admission by Jessica Inabnit that she drove on the wrong side of the road before the Collision.

25. On August 29, 2019, Ms. Cooper filed her Complaint against Jessica Inabnit in the Montana Eighteenth Judicial District Court, Gallatin County, Cause No. DV-19-978B (referred to as the "Underlying Lawsuit").

26. On September 30, 2019, Ms. Cooper sent State Farm a letter explaining that Jessica Inabnit was violating at least two Montana traffic laws at the time of the Collision. The letter dated September 30, 2019 again requested that State Farm reimburse Ms. Cooper for her medical expenses incurred as a result of the Collision.

27. Discovery in the Underlying Lawsuit confirmed that Jessica Inabnit was liable for the injuries of Ms. Cooper because Jessica Inabnit drove into the wrong lane of Virginia Way and struck Ms. Cooper while she was lawfully biking on Virginia Way.

28. On June 21, 2022, the District Court in the Underlying Lawsuit granted Ms. Cooper's Motion for Partial Summary Judgment after finding that Ms. Inabnit breached the legal duties that she owed to Ms. Cooper.

29. Despite the Order from the District Court in the Underlying Lawsuit finding that Ms. Inabnit breached the legal duties that she owed to Ms. Cooper, State Farm continued its failure to pay Ms. Cooper for the medical expenses arising out of the Collision.

30. On December 30, 2022, State Farm agreed to pay the policy limits under the Inabnit Policy. State Farm offered no explanation for its over three-year delay in paying the policy limits under the Inabnit Policy nor did State Farm offer an explanation

for its six-month delay in paying the policy limits after the District Court issued its Order granting Ms. Cooper's Motion for Partial Summary Judgment.

31.     State Farm had no reasonable basis to deny the claim submitted by Ms. Cooper following the Collision and it failed to act in good faith in its investigation, handling, and settlement of the claim submitted by Ms. Cooper.

32.     Ms. Cooper incurred damages as a result of State Farm's failure to comply with the requirements of the Inabnit Policy, the common law, and Montana statutes, including the Montana Unfair Trade Practices Act.

## COUNT I:  REQUEST FOR DECLARATORY JUDGMENT

33.     The allegations of the previous paragraphs are re-alleged.

34.     There is uncertainty as to the obligations and duties of State Farm, under the common law and the Montana Unfair Trade Practices Act, in connection with its investigation, handling, and settlement of Ms. Cooper's claim against the Inabnit Policy.

35.     Ms. Cooper suffered bodily injuries and State Farm refused to pay for her medical expenses for over three years despite State Farm knowing that Jessica Inabnit's liability was reasonably clear.

36.     Ms. Cooper has incurred fees and costs arising out of State Farm's breach of its obligations under the Montana Unfair Trade Practices Act, including, but not limited to, (i) its failure to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Inabnit Policy; (ii) its failure to conduct a reasonable investigation based upon all available information; (iii) its refusal to pay claims without conducting a reasonable investigation based upon all available information; (iv) its failure to affirm or deny liability within a reasonable time; (v) its

neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; and (vi) its failure to promptly settle claims, if liability has become reasonably clear.

37.	Section 27-8-102, Mont. Code Ann., provides that the purpose of Montana Declaratory Judgments is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered."

38.	Ms. Cooper is entitled to a declaratory judgment that, because State Farm violated the Montana Unfair Trade Practices Act, State Farm must reimburse Ms. Cooper for her attorneys' fees, expert witness fees, court costs, and all other costs and fees, incurred in this action pursuant to Mont. Code. Ann. § 27-8-313, *Trs. Of Ind. Univ. v. Buxbaum*, 2003 MT 97, ¶ 42, 315 Mont. 210, 226, 69 P.3d 663, 673, equity, and any other applicable laws, provisions, or doctrines.

39.	Ms. Cooper respectfully requests that the Court declare the rights and obligations under the Montana Unfair Trade Practices Act as follows:

- A. Declare that the liability of Jessica Inabnit was reasonably clear, and State Farm had an obligation to pay Ms. Cooper's medical expenses as early as May 3, 2019;
- B. An award of costs and attorneys' fees as permitted by, among other laws, § 27-8-311, Mont. Code Ann., and § 27-8-313, Mont. Code Ann.; and
- C. For such other and further relief as this Court deems just and proper.

//

## COUNT II – VIOLATION OF THE MONTANA UNFAIR TRADE PRACTICES ACT

40. Ms. Cooper reasserts the allegations set forth in the previous paragraphs.

41. As an insurer, State Farm is liable for unfair claim settlement practices under the Montana Unfair Trade Practices Act (§§ 33-18-201, *et seq.*, Mont. Code Ann. and § 33-18-242, Mont. Code Ann.)

42. An insurer is liable for its breach of the implied and express causes of action under the Montana Unfair Trade Practices Act.

43. Under the Montana Unfair Trade Practices Act, an insurer may not, with such frequency as to indicate a general business practice, do any of the following:

> (2) fail to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
> ….
>
> (4) refuse to pay claim without conducting a reasonable investigation based upon all available information;
>
> (5) fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements have completed;
>
> (6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
> ….
>
> (13) fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;
>
> *See* § 33-18-201, Mont. Code Ann.

44. Under the Montana Unfair Trade Practices Act, a third-party claimant has an independent, express cause of action against an insurer for a violation of § 33-18-

201(4), (5), (6), and (13), Mont. Code Ann., without regard to whether the insurer's violations occurred with "such frequency as to indicate a general business practice." *See Ridley v. Guar. Nat. Ins. Co.*, 286 Mont. 325, 329, 951 P.2d 987, 989 (1997), *as modified on denial of reh'g* (Jan. 30, 1998).

45.    In violation of § 33-18-201(2), Mont. Code Ann., State Farm failed to acknowledge and act promptly upon Ms. Cooper's claim and her request that State Farm pay the policy limits of the Inabnit Policy.

46.    In violation of § 33-18-201(4), Mont. Code Ann., State Farm failed to pay the policy limits of the Inabnit Policy without conducting a reasonable investigation based upon all available information.

47.    In violation of § 33-18-201(5), Mont. Code Ann., State Farm failed to affirm or deny coverage of Ms. Cooper's claim against the Inabnit Policy within a reasonable time after proof of loss statements were completed.

48.    The liability of Jessica Inabnit was reasonably clear, as evidenced by the Order granting Ms. Cooper's Motion for Partial Summary Judgment in the Underlying Lawsuit and, in violation of § 33-18-201(6), Mont. Code Ann., State Farm neglected to attempt in good faith to effectuate prompt, fair, and equitable settlements of Ms. Cooper's claim against the Inabnit Policy.

49.    In violation of § 33-18-201(13), Mont. Code Ann., State Farm failed to promptly settle Ms. Cooper's claim against the Inabnit Policy when liability was reasonably clear.

50. As a result of State Farm's violation of the Montana Unfair Trade Practices Act, State Farm is liable to Ms. Cooper pursuant to her implied and express causes of action against State Farm under the Montana Unfair Trade Practices Act.

51. Ms. Cooper incurred damages as a result of State Farm's violation of the Montana Unfair Trade Practices Act.

52. Ms. Cooper is entitled to recover any and all damages allowed by statute, or otherwise allowed under Montana law, including emotional-distress damages, punitive damages, and her right to recover attorney's fees and costs.

## COUNT III – COMMON LAW BAD FAITH

53. Ms. Cooper reasserts the allegations set forth in the previous paragraphs.

54. As an insurer, State Farm has a duty to act in good faith that is independent of the insurance contract and independent of the insurance code. State Farm owed Ms. Cooper a duty of good faith and fair dealing, and Ms. Cooper is entitled to bring an action for the common law tort of bad faith against State Farm for its failure to act in good faith.

55. Bad faith in claim settlement is an actionable tort under Montana law.

56. An insurer can be held liable to a third-party claimant for bad faith in connection with the handling of an insurance claim, including, but not limited to, the insurer's refusal to make payment of a valid claim to the third-party claimant and the insurer's failure to timely settle claims.

57. An insurer can be held liable to a third-party claimant in connection with denying a claim without a reasonable basis.

58. State Farm acted in bad faith by failing to make payment to Ms. Cooper of her valid claim against the Inabnit Policy.

59. State Farm is liable in tort for the common law claim of bad faith because it acted in bad faith in investigating, adjusting, processing, and settling the claim against the Inabnit Policy filed by Ms. Cooper in connection with the Collision.

60. State Farm did not have a reasonable basis to deny Ms. Cooper's claim against the Inabnit Policy because Jessica Inabnit admitted that: (i) she drove on the wrong side of Virginia Way before the Collision, (ii) she was looking down at the time of the Collision, (iii) she was attempting to illegally park or stop at the time of the Collision, and (iv) she did not see Ms. Cooper before the Collision. As such, the actions of Jessica Inabnit leading up to the Collision were prohibited by numerous Montana statutes and City of Bozeman ordinances.

61. Ms. Cooper incurred damages as a result of State Farm's failure to act in good faith in violation of the claim of common law bad faith.

62. Ms. Cooper is entitled to recover any and all damages allowed under Montana law, including emotional-distress damages and punitive damages.

## **DEMAND FOR JURY TRIAL**

Plaintiff makes demand for a jury trial in this matter on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. For judgment in favor of Plaintiff and against State Farm on Counts I through III of the Complaint;

B. For damages in an amount to be determined at trial;

C. For attorneys' fees and costs incurred herein; and

D. That the Court award Plaintiff such other and further relief as the Court deems just and proper.

DATED this 6th day of September, 2023

                                        TARLOW STONECIPHER
                                        WEAMER & KELLY, PLLC

                                        */s/ Matthew A. Haus*
                                        Matthew A. Haus
                                        *Attorney for Plaintiff*