IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SANDI S. COOPER,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                Defendant. | CV 23-70-BU-JTJ<br><br>**MEMORANDUM AND ORDER** |

# INTRODUCTION

Plaintiff Sandi S. Cooper (Cooper) has brought this third-party bad faith action against Defendant State Farm Mutual Automobile Insurance Company (State Farm) asserting claims for declaratory relief, violations of Montana's Unfair Trade Practices Act (UTPA), and common law bad faith.

Presently before the Court is State Farm's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). State Farm requests that the Court dismiss Cooper's claims for declaratory relief and Cooper's claim common law bad faith. Cooper opposes the motion.

The Court conducted a hearing on the motion on December 13, 2023. The Court gave the parties an opportunity to submit supplemental briefs following the

hearing that addressed whether Cooper's common law bad faith claim was barred by the applicable statute of limitations. The parties have submitted their supplemental briefs. The Court is prepared to rule.

## BACKGROUND

Cooper was riding her bicycle in Bozeman, Montana on April 2, 2019, when she was struck by an SUV. The driver of the SUV, Jessica Inabnit (Inabnit), was insured by State Farm.

The collision occurred on Virginia Way. Inabnit was traveling southbound on Virginia Way. Inabnit crossed the center line into the northbound lane and parked along side the curb near her mailbox facing south.

Cooper was riding her bicycle northbound on Virginia Way. Cooper saw Inabnit cross the center line and park near her mailbox. Cooper began steering her bicycle to the center of the roadway to avoid hitting Inabnit's parked SUV. Cooper alleges that as she approached Inabnit's SUV, Inabnit turned the wheel of her SUV to the right and drove forward so Inabnit could get closer to her mailbox. Cooper alleges that the front passenger tire of Inabnit's car collided with her bicycle causing her to make contact with the passenger side Inabnit's vehicle and fall to the ground. Cooper alleges that she suffered injures to her head, hand and face.

State Farm interviewed Inabnit on May 3, 2019, regarding the accident. Inabnit admitted: that she had illegally crossed the center line and parked on the wrong side of the road near the curb; that she did not see Cooper prior to the collision; and that she was looking down at the time of the collision. (Doc. 4 at ¶ 18).

Cooper sent State Farm a letter on June 7, 2019, requesting that State Farm reimburse her for the medical expenses that she had incurred as a result of the collision. (Doc. 4 at ¶ 21). State Farm responded to Cooper's letter on July 12, 2019. (Doc. 4 at ¶ 22). State Farm rejected Cooper's demand for payment of her medical expenses. State Farm stated that it was not required to pay Cooper's medical expenses because Inabnit's liability was not reasonably clear. *Id.*

State Farm interviewed Cooper on July 30, 2019, regarding the accident. (Doc. 4 at ¶ 23). State Farm refused to pay Cooper's medical expenses following the interview on grounds Inabnit's liability was not reasonably clear. (Doc. 4 at ¶ 24).

Cooper filed a negligence lawsuit against Inabnit on August 29, 2019, in the Montana Eighteenth Judicial District Court, Gallatin County. Cooper alleged that Inabnit was negligent per se given that Inabnit had violated Montana traffic laws

by crossing the centerline and parking her SUV facing south in the northbound lane.

Cooper sent State Farm a letter on September 30, 2019, demanding that State Farm reimburse her medical expenses. (Doc. 4 at ¶ 26). State Farm did not reimburse Cooper for her medical expenses. (Doc. 4 at ¶ 29).

Cooper filed a motion for partial summary judgment in the state court action on October 18, 2021, seeking summary judgment on liability, and reserving for trial the issue of damages. The state court issued its decision on June 21, 2022. (Doc. 9-1). The state court granted Cooper's motion for summary judgment in part, and denied Cooper's motion in part. (Doc. 9-1 at 9). The Court found that Inabnit was negligent per se for violating Montana traffic laws. The state court found, however, that summary judgment on liability was not appropriate given that issues of fact existed with respect to Cooper's comparative negligence, and issues of fact existed with respect to the amount of injuries caused by Inabnit's negligence. (Doc. 9-1 at 8).

State Farm paid its policy limits to Cooper on or about December 30, 2022. (Doc. 4 at ¶ 30). Cooper moved to dismiss her lawsuit against Inabnit. The state court dismissed Cooper's lawsuit on January 3, 2023. (Doc. 9-2).

Cooper filed the present bad faith lawsuit on September 6, 2023, in Montana Eighteenth Judicial District Court, Gallatin County. (Doc. 4). State Farm removed the case here on October 6, 2023, invoking this Court's diversity jurisdiction. (Doc. 1).

## DISCUSSION

### A. Claims for Declaratory Relief

Count I of Cooper's Complaint asserts two claims for declaratory relief under Montana's Uniform Declaratory Judgment Act, Mont. Code Ann. §§ 27-8-101 et.seq. First, Cooper seeks an order declaring that State Farm violated Sections 6 and 13 of the UTPA and the Montana Supreme Court's decision in *Ridley v. Guaranty Nat'l Ins. Co.*, 951 P.2d 987 (Mont. 1997), when State Farm failed to advance pay her medical expenses beginning on May 3, 2019. (Doc. 4 at ¶¶ 35, 39). Cooper argues that such a declaration is appropriate because Inabnit's liability for her medical expenses was reasonably clear on May 3, 2019. *Id.*

Second, Cooper seeks an order declaring that she is entitled to recover her attorney's fees under Mont. Code Ann. § 27-8-313 if the Court declares that State Farm has violated any section of the UTPA. (Doc. 4 at ¶¶ 36, 38-39).

Each claim for declaratory relief will be addressed in turn.

-5-

### a.  Declaration that State Farm Violated Sections 6 and 13 of the UTPA

Cooper's first claim for declaratory relief seeks a retrospective declaration that State Farm violated Sections 6 and 13 of the UTPA and its obligations under *Ridley* when State Farm failed to advance pay her medical expenses on May 3, 2019. Cooper seeks a declaration that State Farm violated the UTPA although the UTPA only provides relief in the form of actual damages. Mont. Code Ann. § 33-18-242(1).

This Court and the Ninth Circuit Court of Appeals have held that the UTPA neither creates a right of action for declaratory relief, nor does it allow declaratory relief. See e.g., *Byorth v. USAA Casualty Ins. Co.*, 2019 WL 6715970, *2-4 (D. Mont. Dec. 10, 2019); *Moe v. GEICO Indemnity Co.*, 2020 WL 3396872, *4 (D. Mont. June 19, 2020); *Woodman v. Standard Ins. Co.*, 2021 WL 927373, *2 (D. Mont. March 11, 2021); *Garner v. USAA Gen. Indem. Co.*, 2019 WL 3306135, *5 (D. Mont. July 23, 2019); *Bateman v. National Union Fire Ins. Co.*, 423 Fed. Appx. 763, 766 (9th Cir. 2011).

Cooper argues that the Montana Supreme Court's decision in *Marshall v. Safeco Ins. Co. of Illinois*, 413 P.3d 828 (Mont. 2018) makes declaratory relief an available remedy for a violation of the UTPA. Cooper's reliance on *Marshall* is

misplaced.

The Montana Supreme Court's decision in *Marshall* did not directly address whether the UTPA permits declaratory relief. See *Byorth*, 2019 WL 6715970, at *4-5; *Moe*, 2020 WL 3396872, at *4. The Montana Supreme Court limited its decision to the question of whether a third-party insured's declaratory judgment claim alleging that an insurer was out of compliance with settlement practices required by the UTPA presented a justiciable controversy. *Byorth*, 2019 WL 6715970, at *4; *Marshall* at ¶ 14.

Cooper's claim for declaratory relief will be dismissed.

### b. Declaration that Attorney's Fees are Recoverable Under Montana's Uniform Declaratory Judgment Act

Cooper's second claim for declaratory relief seeks an order declaring that she is entitled to recover her attorney's fees under Montana's Uniform Declaratory Judgment Act, Mont. Code Ann. § 27-8-313, if the Court declares that State Farm has violated any section of the UTPA.

Cooper notes correctly that a prevailing party may recover attorney's fees under Montana's Uniform Declaratory Judgment Act if a court deems that an award of attorney's fees is necessary or proper. *Trustees of Indiana University v. Buxbaum*, 69 P.3d 663, 673 (Mont. 2003). However, Cooper cannot recover

attorney's under Montana's Uniform Declaratory Judgment Act in this case because Cooper does not possess a viable claim for declaratory relief. As discussed above, the UTPA does not allow an independent cause of action for declaratory relief under Montana's Uniform Declaratory Judgment Act for the purpose of establishing that an insurer has violated the UTPA. See *Byorth*, 2019 WL 6715970, at *2-4; *Garner*, 2019 WL 3306135, at *5.

Cooper's claim for declaratory relief regarding her ability to recover attorney's fee will be dismissed.

**B.    Common Law Bad Faith Claim**

Count III of Cooper's Complaint asserts a common law bad faith claim against State Farm. State Farm argues that the common law bad faith claim is time-barred.

A statute of limitations defense may be raised in a motion to dismiss if the defense is apparent from the face of the complaint. *Seven Arts Filmed Entertainment Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013). The Court may also take judicial notice of matters public record without converting the motion a dismiss into a motion for summary judgment so long as the facts noticed are not subject to reasonable dispute. *Intri-Plex Technologies, Inc. v. The Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

A common law bad faith claim is subject to the 3-year statute of limitations applicable to torts. Mont. Code Ann. § 27-2-204(1); *Brewington v. Employers Fire Ins. Co.*, 992 P.2d 237, 241 (Mont. 1999). Common law bad faith claims accrue when the insurer first denies coverage. *Nelson v. Hartford Ins. Co. of Midwest*, 2012 WL 58774457, *4 (D. Mont. 2012). The ongoing denial of coverage by an insurer "does not toll the statute of limitations." *Nelson*, 2012 WL 58774457, at *4.

Here, Cooper's common law bad faith claim is grounded on State Farm's failure advance payments for medical expenses. Cooper alleges that State Farm first refused to pay her medical expenses on July 12, 2019. (Doc. 4 at ¶ 22). Cooper further alleges that State Farm continued to "refuse[] to reimburse [her] for her medical payments . . . forcing [her] to file a complaint against Jessica Inabnit [on August 29, 2019]." (Doc. 4 at ¶ 24).

Cooper's common law bad faith claim accrued on July 12, 2019, when State Farm first refused to advance pay her medical expenses. *Temple v. Ace American Ins. Co.*, 2016 WL 7131474, at *4 (D. Mont. Dec. 6, 2016). The 3-year statute of limitations expired on July 12, 2022. Cooper did not file the present lawsuit until September 6, 2023. Cooper's common law bad faith claim is therefore time-barred.

Accordingly, IT IS HEREBY ORDERED:

1. State Farm's Motion to Dismiss (Doc. 8) is GRANTED.

2. Cooper's claims for declaratory relief are DISMISSED with prejudice.

3. Cooper's common law bad faith claim is DISMISSED with prejudice.

DATED this 29th day of January, 2024.

*John Johnston*
United States Magistrate Judge